IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No.: 21-CR-0789 MV |
| | ) | |
| **ISAIAH AUGUSTINE BOB**, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER

The United States respectfully moves this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure to enter a stipulated protective order as to discovery that the United States will provide to Defendant Isaiah Augustine Bob. In support of this motion, the United States sets forth the following:

1. On June 9, 2021, the United States filed a complaint charging Defendant with Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1153 and 1111. (Doc. 1).

2. Defendant appeared for an initial appearance on July 30, 2021. (Doc. 10). In compliance with the Court's discovery order, the United States has already made several discovery disclosures.

3. In order to facilitate a potential settlement and consistent with its discovery obligations, the United States seeks to additionally disclose to defense counsel materials concerning the government's investigation of this case. These materials include prior transcribed testimony of several witnesses, including John Doe's family member (who is a victim under 18 U.S.C. § 3771(e)), and other sensitive witnesses.

4. The United States is concerned that dissemination of this type of information has significant privacy implications for the victim and the other sensitive witnesses who also previously testified. The Crime Victims' Rights Act provides victims of federal offenses with the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771 (a)(8). The statute imposes an affirmative obligation on both the Court and the prosecution to ensure this right is protected. 18 U.S.C. §§ 3771(b)(l) and (c).

5. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, titled "Protective and Modifying Orders," states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

6. Undersigned counsel has conferred with counsel for Defendant concerning this issue. The parties have agreed that an appropriate resolution is the issuance of a protective order governing the discovery specified above. The parties have agreed on the terms of a proposed protective order, a copy of which will be emailed to the Court contemporaneously with the filing of this motion.

7. Accordingly, the United States submits that there is good cause for the Court to enter a protective order with the following terms:

   a. The victim and other sensitive witness testimony (hereafter referred to as "confidential material") received by Defendant (through Defendant's attorney) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

   i. Defendant (to be reviewed in the presence of counsel only);

   ii. Defendant's attorney of record;

        iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of this action;

        iv. witnesses and their counsel and potential witnesses and their counsel; and,

        v. experts or consultants who are assisting in this action.

b. Barring counsel for Defendant and/or anyone properly assisting counsel for Defendant in the defense of this case from using the discovery material for any purpose other than to prepare for this case, for necessary use in motion practice, to impeach witnesses, to refresh a witness's recollection, or to test a witness's credibility (assuming any such matters are otherwise permitted by applicable authority, such as the Federal Rules of Evidence);

c. Barring counsel for Defendant and/or anyone properly assisting counsel for Defendant in the defense of this case from disseminating the discovery material or its content to anyone other than Defendant, the defense investigator(s), and other members of the defense team in connection with this case;

d. Requiring counsel for Defendant and/or anyone properly assisting counsel for Defendant in defense of this case to obtain permission from the Court before setting forth protected information contained in the discovery material in any motion or publicly-filed pleading.

For the foregoing reasons, the United States respectfully requests that the Court enter the aforementioned, stipulated protective order, the terms of which have been agreed to by both parties.

Respectfully submitted,

FRED J. FEDERICI
United States Attorney

*/s/ Electronically filed September 17, 2021*
NOVALINE D. WILSON
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1419 telephone
(505) 346-7296 facsimile

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to counsel for the Defendant.

 */s/*
NOVALINE D. WILSON
Assistant United States Attorney